IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-878-FL

| | |
|---|---|
| MICHAEL A. MILES,<br><br>        Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | ORDER |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings (DE 22, 26). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R") (DE 29), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and uphold defendant's final decision. Plaintiff timely filed objections to the M&R, and the time for response has passed. In this posture, the issues raised are ripe for ruling. For the reasons stated more specifically below, the court adopts the M&R, plaintiff's motion is denied, and defendant's motion is granted.

**BACKGROUND**

Plaintiff filed an application for a period of disability and disability insurance benefits on August 9, 2010, alleging disability beginning October 28, 2009. This application was denied initially on January 10, 2011, and upon reconsideration on May 19, 2011. On June 1, 2012, hearing was held before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled in a decision dated July 26, 2012. The appeals council denied plaintiff's request for review

on August 21, 2013. On November 26, 2013, the appeals council granted plaintiff an additional 60 days to file a civil action. Complaint was filed December 31, 2013.

## DISCUSSION

A.      Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the

2

record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform his past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 28, 2009. At step two, the ALJ found that plaintiff had the following severe impairments: cognitive disorder, degenerative joint disease, and depression. However, at step three, the ALJ further determined that these impairments, taken alone or in combination, were not severe enough to meet or medically equal one of the impairments in the regulations. In reaching the step three conclusion, the ALJ specifically addressed whether plaintiff's mental impairments met or medically equaled the criteria of listings 12.04 and 12.05.

Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform medium work with the following restrictions: performance of simple, routine, repetitive tasks in a non-production or non-fast paced work environment with deadlines and

3

quotas, and only occasional public interaction. In making this assessment, the ALJ found plaintiff's impairments could not reasonably be expected to cause his alleged symptoms and that plaintiff's statements about the severity of his symptoms were not credible. At step four, the ALJ concluded plaintiff was not capable of performing the requirements of his past relevant work. However, at step five, upon considering the testimony of a vocational expert ("VE"), as well as plaintiff's age, education, work experience, and RFC, the ALJ found that plaintiff could perform other specified types of work that exist in significant numbers in the national economy.

B. Analysis

Plaintiff argues that the ALJ erred in two respects: (1) the ALJ failed to explicitly state the frequency with which plaintiff would have lapses in concentration, a limitation found by plaintiff's treating psychiatrist, Dr. Vann Joines, and (2) the ALJ erred by not accounting for plaintiff's alleged limitations in his ability to perform activities within a schedule, maintain regular attendance, and complete a workday without interruptions from psychologically-based symptoms in his hypothetical proposed to the VE.

    1.    Failure to explain rejection of medical opinion

Plaintiff contends the ALJ failed to sufficiently explain in his RFC determination the reasons grounding his decision, which rejected Joines' opinion, and did not make specific findings on the frequency of plaintiff's lapses in concentration. A finding addressing the frequency of plaintiff's lapses in concentration was unnecessary. The ALJ assessed plaintiff's RFC to compensate for any lapses in concentration and sufficiently explained its decision to do so.

The ALJ had a duty to explain his findings and support them with evidence of record. Cook

v. Heckler, 783 F.2d 1168, 1174 (4th Cir. 1986). Failure to explain properly his findings undermines the effectiveness of administrative review. See Arnold v. Sec'y of Health, Educ., and Welfare, 567 F.2d 258, 259-60 (4th Cir. 1977). Typically, the ALJ gives greater weight to the opinion of a "treating source," that is, a medical professional who is "able to provide a detailed, longitudinal picture of [plaintiff's] medical impairment[s]." 20 C.F.R. § 404.1527(c)(2). However, the ALJ is not required to give a treating source's opinion "controlling" weight where it is inconsistent with other substantial evidence of record. Id. Where the ALJ determines a treating source opinion is not entitled to controlling weight, the ALJ employs the following factors to evaluate the evidence: (1) length of the treatment relationship and frequency of examination; (2) nature and extent of treatment relationship; (3) supportability, meaning quantum of relevant evidence in support of the opinion; (4) consistency with the record; (5) specialization of treating source; and (6) other relevant factors. Id. When addressing a treating source's opinion, the ALJ must state the weight given to the opinion and provide specific reasons for the weight given to those opinions. SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

On May 30, 2012, Joines rendered an opinion wherein he stated that plaintiff was "moderately impaired" in his ability to "maintain attention and concentration" for two hour segments, where "moderate" impairment was defined as "[s]ome loss of ability in the named activity but still can sustain performance for 1/3 up to 2/3 of an [eight]-hour workday." (Tr. 625). Further, Joines' opined that plaintiff's lapses in concentration were "frequent." (Tr. 626). In his decision, the ALJ gave Joines' opinion "some weight." In weighing Joines' opinion, the ALJ noted that plaintiff's "moderate limitations and impairments" were addressed through imposition of a RFC

5

allowing "moderate work," because plaintiff's lapses in concentration and inability to maintain concentration for up to 2/3 of an eight hour workday stemmed from his previous employment requiring high-level work and concentration (Tr. 37).

The ALJ's discussion of Joines' opinion, read in context, sufficiently evidences that the ALJ limited the portion of the opinion addressing plaintiff's inability to concentrate to the extent it is inconsistent with other medical evidence of record and explains why. DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983) (noting findings of ALJ must be such to permit "meaningful judicial review"); see also Russell v. Chater, No. 94-2371, 1995 WL 417576, at *3 (4th Cir. July 7, 1995) (holding ALJ's discussion not insufficiently specific where the substance of the ALJ's decision is discussed in detail and the ALJ's reasoning is amply explained); Pickett v. Colvin, No. 1:13-CV-161, 2014 WL 4748109, at *5 (M.D.N.C. Sept. 23, 2014). The ALJ found plaintiff's lapses in concentration were not a moderate limitation in lower-stress environments. In particular, the ALJ gave great weight to the opinion of Dr. E.J. Burgess, Psy.D. (Tr. 33-34). Burgess performed a neuropsychological evaluation of plaintiff and determined that plaintiff was under "chronic distress," which if abated, would improve his "cognitive deficiencies that would handicap his occupational performance." (Tr. 601). The ALJ incorporated this reasoning into his decision, wherein he noted that Burgess found no major neuropsychological deficits, and that if plaintiff's "psychological distress" could be improved "there would be no significant cognitive deficits that would handicap his occupational performance." (Tr. 33-34).

Thus, the ALJ evaluated plaintiff's RFC, determining he could do "moderate work," to compensate for plaintiff's lapses in concentration. As the ALJ determined plaintiff would not suffer

6

from lapses in concentration, this finding obviated the need to find a specific frequency with which lapses in concentration would occur

To the extent the ALJ's discussion is insufficient to justify its duty of explanation, such insufficiency is harmless error. See Bishop v. Comm'r of Soc. Sec., 583 F. App'x 65, 67 (4th Cir. 2014). Error is harmless where the ALJ's decision is "overwhelmingly supported by the record though the agency's original opinion failed to marshal that support." Id.

In Burgess' evaluation, he noted that plaintiff's "overall performance with regard to sustained attention and concentration was within the Average range." (Tr. 597). In addition, Burgess noted plaintiff's information processing speed was "lower than expected when compared with the level of intellect," but concluded plaintiff " has an average ability to efficiently multi-task" and had an average ability to process rapid and complex information. (Id.). Burgess noted that plaintiff was under "chronic distress," which, if abated, would improve his "cognitive deficiencies that would handicap his occupational performance." (Id. at 601). Moreover, the medical report of another psychologist, Paul Krasner, also found also notes plaintiff's ability to work in a "lower stress/pressure" environment. (Id. at 617). Thus, the record "overwhelmingly supports" the ALJ's conclusion to afford Joines' opinion only some weight, and the ALJ's RFC determination.

2.  Improper Questioning of the VE

Plaintiff contends the ALJ erred by posing a hypothetical to the vocational expert that did not take into account all of his moderate limitations. In particular, plaintiff contends the ALJ's hypothetical explicitly should have addressed his inability to perform activities within a schedule, maintain regular attendance, and complete a workday without interruptions from psychologically

7

based symptoms. The court finds no error.

"The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which the particular claimant can perform. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). The VE's testimony must be based on consideration of the all evidence of record. See id. In addition, the VE's testimony "must be in response to proper hypothetical questions which fairly set out all the claimant's impairments." Id. In fashioning a proper hypothetical, the ALJ must include not only the type of work that plaintiff can do but also the impairments that relegate plaintiff to that type of work. Riley v. Chater., No. 94-1797, 1995 WL 361483, at *3 (4th Cir. June 16, 1995). Defendant cannot rely on the answer to a hypothetical that fails to fit the facts of the case. See Swaim v. Califano, 599 F.2d 1309, 1312 (4th Cir. 1979). However, a hypothetical is unimpeachable if it "adequately reflect[s]" an RFC for which the ALJ had sufficient evidence. Johnson, 434 F.3d at 659; see also Fisher v. Barnhart, 181 F. App'x 359, 364 (4th Cir. 2006).

> In the instant case, the ALJ asked the VE to assume a hypothetical individual
>
> of the same age, education, and work background as that of the claimant; and I first want you to assume this individual is limited to the performance of medium work as that term is defined in the Regulations. However, this individual would be further limited to the performance of simple, routine, repetitive type tasks; would also need to avoid production line - - production work or similar fast-paced jobs with deadlines and quotas; and finally, needs a job with only occasional public interaction.

(Tr. 66). This question comports with the ALJ's RFC determination. (Tr. 32).

Nevertheless, plaintiff suggests the hypothetical was improper. Plaintiff's argument amounts to a contention that the ALJ's RFC assessment failed to account for his moderate limitations and, thus, was "materially incomplete." (See Pl.'s Br., DE 23, at 8). The court must uphold the factual

8

findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig, 76 F.3d at 589.

As determined above, The ALJ sufficiently explained his decision to reject the relevant portion of Joines' opinion. Here, the ALJ found that plaintiff is "moderately impaired in his ability to complete a normal workweek and workday without interruptions from psychologically base[d] symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (Tr. 37). Immediately thereafter, however, the ALJ notes that these moderate impairments were concerns in plaintiff's previous employment "due to the high-level work and concentration." (Id.). Then, the ALJ concludes his assessment of plaintiff's RFC compensates for these deficiencies. (Id.). For the reasons set out above, the court finds this discussion is sufficient to fulfill the ALJ's duty to explain his decision.

The ALJ's decision, moreover, is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401(quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws, 368 F.2d at 642. As discussed above, a psychiatrist opinion notes that if plaintiff's psychological distress could be "ameliorated, there would be no significant cognitive deficits that would handicap [plaintiff's] occupational performance." (Tr. 601). Where the issues allegedly improperly excluded are "psychologically based," this medical opinion constitutes substantial evidence supporting the ALJ's decision.

Finally, to the extent plaintiff suggests the ALJ erred by compensating for moderate impairments through assignment of a lower RFC, the regulations specifically contemplate such. See

20 C.F.R. §§ 404.1545(a)(1) (noting that a claimant's RFC assessment reflects the most plaintiff can still do despite limitations, including mental limitations); 416.945(a)(1) (same); see also Gill v. Colvin, 7:12-CV-72-FL, 2013 WL 1817227, at *2 (E.D.N.C. Apr. 29, 2013) ("The RFC assessment is based on all relevant medical and other evidence in the record."). Thus, based on the foregoing, the court concludes that the ALJ's RFC assessment accounts for all plaintiff's "moderate" limitations, and is not "materially incomplete."

## CONCLUSION

Based on the foregoing, upon *de novo* review of the portions of the M&R to which specific objections were raised, and upon considered review of the remainder, the court ADOPTS the M&R in full, DENIES plaintiff's motion for judgment on the pleadings (DE 22), GRANTS defendant's motion for judgment on the pleadings (DE 26), and AFFIRMS the decision of the Commissioner. The clerk is DIRECTED to close this case.

SO ORDERED, this the 13th day of March, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge